**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JUSTIN TATUM,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| *versus* | § | |
| | § | |
| **NEW YORK TRIBECA GROUP LLC,** a | § | |
| New York Corporation | § | |
| | § | **Civil Action No. 6:25-CV-103** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1

**INTRODUCTION**

Plaintiff, Justin Tatum, brings this Original Complaint against Defendant New York Tribeca Group LLC to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA").

**PARTIES**

1. Plaintiff Justin Tatum (hereinafter "Plaintiff" or "Mr. Tatum") is an individual residing in or near Smith, County Texas and was present for all causes of action complained of herein within Tyler, Texas.

2. Mr. Tatum may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant New York Tribeca Group LLC (hereinafter "Defendant" or "Tribeca") is a limited liability company organized and existing under the laws of New York and can be served at its corporate headquarters at 40 Wall Street, 43rd Floor, New York, New York 10005.

**JURISDICTION AND VENUE**

4. This action is brought by Mr. Tatum pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

6. This Court has specific personal jurisdiction over the Defendant as they authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents, purposefully directed phone calls into Texas, spoofed Texas area codes to make it appear as if phone calls

2

originated from Texas, and have otherwise availed themselves to the State of Texas. Moreover, Plaintiff's cause of action specifically arises out of the actions committed by the Defendant in the forum state of Texas.

7.      Venue of this suit lies in the Eastern District of Texas, Tyler Division, pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Eastern District of Texas, as more specifically alleged below. Venue further lies in the Eastern District of Texas, Tyler Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Eastern District of Texas.

## STATEMENT OF FACTS

8.      Tribeca markets and sells merchant cash advances.

9.      Merchant cash advances are high-interest business financing products designed as an end around to prohibitive usury laws.

10.      Tribeca uses telemarketing phone calls to consumers on the National Do Not Call Registry ("DNC Registry") to promote their services.

11.      Mr. Tatum is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

12.      Mr. Tatum's telephone number 0700 is a residential number.

13.      Mr. Tatum's telephone number 0700 is used for personal purposes.

14.      Mr. Tatum does not use the telephone number for any business purpose.

15.      Mr. Tatum's telephone number 0700 has been registered on the National Do Not Call Registry since October 20, 2022.

16.      On or about May 16, 2024, Mr. Tatum contacted Tribeca about unwanted solicitation telephone calls that Defendant made to Mr. Tatum's 0700 telephone number.

17.    Defendant and Mr. Tatum reached a settlement agreement on June 6, 2024, to settle the claims alleged by Mr. Tatum on or about May 16, 2024.

18.    Tribeca was on full notice that Mr. Tatum did not consent to additional telephone calls from Tribeca.

19.    Tribeca began to make additional solicitation calls to Mr. Tatum on June 18, 2024.

20.    Each of the phone calls made by Defendant to Mr. Tatum began with, "This is [insert name] with New York Tribeca."

21.    Mr. Tatum has detailed the additional phone calls in paragraph twenty-eight (28), Table A.

22.    Mr. Tatum received seventeen (17) phone calls from Defendant from June 18, 2024, to July 16, 2024.

23.    On July 25, 2024, Mr. Tatum sent Defendant an email alerting Defendant of the continued unwanted solicitation phone calls.

24.    On July 25, 2024, Defendant responded to Mr. Tatum's email acknowledging receipt of the July 25, 2024, email.

25.    From August 5, 2024, to December 18, 2024, Defendant contacted Mr. Tatum an additional sixteen (16) times.

26.    Defendant called Mr. Tatum thirty-four (34) times after reaching a settlement agreement for the initial solicitation phone calls.

27.    On January 9, 2025, Plaintiff performed a telephone registration search at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp. Defendant did not appear on the list of registered companies and is not registered to telephone solicit in Texas.

28.    Defendant does not qualify for an exemption to the telephone solicitation

registration requirement.

29.    Mr.  Tatum received the following phone calls from Tribeca:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 06/18/2024 | 11:44 AM | 469-619-1698 | |
| 2 | 06/21/2024 | 11:28 AM | 469-599-7943 | |
| 3 | 06/24/2024 | 12:02 PM | 469-619-1645 | |
| 4 | 06/25/2024 | 10:56 AM | 469-599-7943 | |
| 5 | 06/28/2024 | 1:04 PM | 469-599-7943 | |
| 7 | 07/02/2024 | 12:32 PM | 678-831-0004 | |
| 8 | 07/02/2024 | 12:34 PM | 678-831-0004 | |
| 9 | 07/09/2024 | 9:53 AM | 469-507-2548 | |
| 10 | 07/15/2024 | 11:11 AM | 469-896-2626 | |
| 11 | 07/15/2024 | 1:33 PM | 212-931-5199 | |
| 12 | 07/15/2024 | 2:29 PM | 469-507-2548 | |
| 13 | 07/16/2024 | 9:12 AM | 347-954-0399 | |
| 14 | 07/16/2024 | 1:33 PM | 212-931-5199 | |
| 15 | 07/16/2024 | 2:29 PM | 469-507-2548 | |
| 16 | 07/16/2024 | 4:09 PM | 212-931-5199 | |
| 17 | 07/16/2024 | 4:10 PM | 212-931-5199 | |
| | 07/25/2024 | | | Contacted Defendant's Attorney |
| 18 | 08/05/2024 | 9:24 AM | 469-778-1209 | |
| 19 | 08/06/2024 | 9:05 AM | 469-518-2848 | |
| 20 | 08/06/2024 | 11:59 AM | 469-615-3105 | |
| 21 | 08/06/2024 | 1:07 PM | 469-573-1209 | |
| 22 | 08/06/2024 | 1:08 PM | 469-615-3105 | |
| 23 | 08/07/2024 | 1:40 PM | 212-931-5199 | |
| 24 | 08/12/2024 | 11:13 AM | 212-931-5199 | |
| 25 | 08/14/2024 | 5:10 PM | 212-931-5199 | |
| 26 | 08/21/2024 | 11:24 AM | 201-546-6401 | Text Message |
| 27 | 08/21/2024 | 12:19 PM | 201-546-6401 | Text Message |
| 28 | 10/07/2024 | 10:50 AM | 214-851-0235 | |
| 29 | 10/10/2024 | 10:23 AM | 214-736-9736 | |
| 30 | 10/10/2024 | 1:48 PM | 214-851-0235 | |
| 31 | 10/10/2024 | 3:33 PM | 214-736-9736 | |
| 32 | 10/11/2024 | 10:21 PM | 214-736-9736 | |
| 33 | 10/16/2024 | 3:52 PM | 214-736-9739 | |

| 34 | 12/18/2024 | 11:14 AM | 682-568-1038 | |

30.    Mr. Tatum's privacy has been violated by the above-described solicitation calls.

31.    Mr. Tatum never provided his consent or requested these calls.

32.    Mr. Tatum has been harmed by the acts of Defendant because his privacy has been violated.

33.    The calls were annoying and harassing.

34.    The calls occupied Mr. Tatum's telephone line, rendering it unavailable for legitimate communication and other tasks such as using GPS, watching videos, taking photos, and other critical tasks.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS**

35.    Mr. Tatum realleges paragraphs one through thirty-five (35) and incorporates them herein as if set forth here in full.

36.    The calls harmed Mr. Tatum by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

37.    The calls harmed Mr. Tatum by trespassing upon and interfering with his rights and interests in his cellular telephone.

38.    The calls harmed Mr. Tatum by intruding upon his seclusion.

**First Cause of Action:**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)**

39.    Mr. Tatum realleges paragraphs one through thirty-eight (38) and incorporates them herein as if set forth here in full

40.     Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff while Plaintiff's phone numbers was registered on the National Do Not Call Registry.

41.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff  is entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

42.     Mr.  Tatum is entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

43.     As Mr. Tatum and Defendant have previously settled, Defendant's actions can only be determined as knowing or willful.

44.     Mr.  Tatum is also entitled to and doe seek injunctive relief prohibiting Tribeca from advertising its goods or services, except for emergency purposes, to Mr. Tatum or any number on the National Do Not Call Registry in the future.

### Second Cause of Action:
### Violations of The Texas Business and Commerce Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate

45.     Mr. Tatum realleges paragraphs one forty-four (44) and incorporates them herein as if set forth here in full.

46.     Defendant made illegal solicitation sales calls to Mr. Tatum without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

47.     The actions of Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Jane/John Doe to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

48.    A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

49.    As a result of Defendant's violations of Texas Business and Commerce Code § 302.101, Mr. Tatum may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

50.    As a result of Defendant's violations of §302.101, Mr. Tatum seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Tatum prays for the following relief:

A.  An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA willfully and knowingly;

B.  An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

C.  An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

D.  An order declaring that the Defendant's actions, as set out above, violate Texas Business and Commerce Code § 302.101;

E.  An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

F.  An injunction requiring Defendant to cease sending all unlawful calls;

G.  An award of reasonable attorneys' fees and costs; and

H.  Such further relief as the Court deems necessary, just, and proper.

8

**JURY DEMAND**

Mr. Tatum requests a trial by jury of all claims that can be so tried.

Dated this 27th of March, 2025

Respectfully Submitted,

The Darwich Law Firm, LLC
/s/ Omar Darwich_____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

9