IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN TATUM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-103-JDK |
| NEW YORK TRIBECA GROUP LLC, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AS MODIFIED**

Plaintiff Justin Tatum, proceeding pro se, filed this lawsuit against Defendant New York Tribeca Group LLC on March 27, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition of the action.

On May 9, 2025, Plaintiff filed a motion for default judgment. Docket No. 6. Thereafter, the Magistrate Judge issued a Report recommending that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded $17,000 in statutory damages and $405 in costs. Docket No. 7. Defendant was served with the Report on June 4, 2025, but has not responded or otherwise appeared in this action. Docket No. 8-1. Plaintiff filed objections to the Report. Docket No. 9.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or

1

specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects to the Report on two grounds: (A) the failure to award treble damages under § 227(c)(5)(B) of the Telephone Consumer Protection Act ("TCPA") and (B) the failure to award damages under § 302.101 of the Texas Business and Commerce Code ("TBCC"). Docket No. 9. The Court analyzes each objection in turn below.

### A.

In his first objection, Plaintiff argues that he is entitled to treble damages under § 227(c)(5)(B) for Defendant's willful violations of the TCPA. *See* 47 U.S.C. § 227(c)(5)(B). Specifically, Plaintiff argues that Defendant had notice of the unwanted telephone calls from (1) a settlement agreement entered between the parties on June 6, 2024, and (2) a July 25, 2024, email sent by Plaintiff to Defendant regarding the unwanted calls. Docket No. 9 at 2–3. Plaintiff also points to Defendant's default as another reason to treble the damages here. *Id.* at 3.

As the Report notes, however, Plaintiff presented insufficient evidence to justify trebling damages. *See* Docket No. 7 at 13. For example, Plaintiff did not provide the settlement agreement to identify the individuals placed on notice, nor did he provide the alleged email to identify who received notice. In addition, Plaintiff failed to allege facts that "would create the nexus to show that the violations were

2

indeed made willfully." *Id.* at 14. Nor does Plaintiff cite any supporting cases to merit trebling damages under the circumstances alleged. Notably, Plaintiff also failed to distinguish the case cited by the Magistrate Judge declining to treble damages under factually similar circumstances. *See Horton v. 360 Digital Mktg., LLC*, 2024 WL 3032447, at *7 (N.D. Tex. May 13, 2024), *report and recommendation adopted*, 2024 WL 3033626 (N.D. Tex. June 17, 2024) (finding that calls made after texts following a settlement agreement amounted to no more than negligence).

Accordingly, Plaintiff's first objection is overruled.

### B.

Plaintiff next objects that he should have been awarded damages under § 302.101 of the TBCC. Docket No. 1 ¶¶ 27, 45–50. The Court agrees.

Section 302.101 prohibits a seller from "mak[ing] a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101. A seller "who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." *Id.* § 302.302(a). Although the Report determined that Plaintiff is entitled to default judgment on his § 302.101 claim, Docket No. 7 at 9–10, the Report recommended not awarding Plaintiff damages under § 302.302(a), *id.* at 15–16. The Report reasoned that Plaintiff is already receiving damages under the TCPA based on the same thirty-four unwanted calls from Defendant during the relevant period. And awarding additional damages for the same violations under the TBCC would be an impermissible "double

3

recovery." *Id.* at 15–16.

But the reason for avoiding a "double recovery" does not apply here. Courts generally avoid awarding a double recovery because it does more than compensate the plaintiff for her injuries—it provides the plaintiff with an unjustified windfall. *Landry v. Carlson Mooring Serv.*, 643 F.2d 1080, 1088 (5th Cir. 1981) (explaining that double recovery is to be avoided "for compensable injuries," and any recovery that does "not serve as compensation for [a plaintiff's] injury" will not be considered an issue for double recovery purposes). Here, however, Plaintiff need not show an injury to recover damages under the TCPA or the TBCC because both statutes impose penalties without regard to injury. *See* 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call . . . may . . . bring . . . an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater."); TEX. BUS. & COM. CODE § 302.302 ("A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation.").

Nothing in either statute, moreover, precludes a plaintiff from bringing an action under both statutes and receiving the penalties that each statute provides. *See* 42 U.S.C. § 227(f)(1) (recognizing that states may impose "more restrictive" requirements prohibiting certain telephone solicitations). In fact, the two statutes prohibit different conduct, further supporting awards of damages under both. *Contrast* 42 U.S.C. § 227 (prohibiting calling individuals on the National Do Not Call Registry) *with* TEX. BUS. & COM. CODE § 302.101(a) (prohibiting calling a purchaser

in Texas unless the caller "holds a registration certificate"); *see Samaad v. City of Dall.*, 940 F.2d 925, 932 (5th Cir. 1991), *abrogated on other grounds by Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 728 (2010) ("We do not see any reason why an aggrieved plaintiff could not simultaneously recover for these *separate violations*, even though they arise out of the same general set of facts.") (emphasis added).

Accordingly, courts routinely award statutory damages under both the TCPA and TBCC based on the same unwanted telephone calls or texts. *See, e.g.*, *Tatum v. DBoss Funding, LLC*, 2024 WL 5098503, at *4 (E.D. Tex. Nov. 13, 2024) (awarding $6500 under the TCPA and $65,000 under the TBCC based on the same underlying conduct); *Busbee v. ServiceToday!*, 2024 WL 4428989, at *4–5 (N.D. Tex. Oct. 4, 2024) (same regarding the TCPA and § 302.101 of the TBCC); *Thomas v. Zenith Solar, LLC*, 2022 WL 17813168, at *4 (W.D. Tex. Aug. 1, 2022) (same); *Thompson v. Dealer Renewal Servs.*, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (same).

Finally, as the Report recognized in awarding damages under the TCPA, no hearing on damages is necessary here because the amount can be reliably computed from the record. Docket No. 7 at 12–13. The statutory penalty under the TBCC is "not more than $5,000 for each violation." TEX. BUS. & COM. CODE § 302.302(a). And the Report correctly determined that Defendant violated § 301.101 by making thirty-four telephone solicitations to Plaintiff. Docket No. 7 at 9–10. Accordingly, the Court awards $170,000 in damages for Defendant's violations of § 302.101.

5

\*   \*   \*

For the foregoing reasons, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 7) is **ADOPTED as modified**. Plaintiff's motion for default judgment (Docket No. 6) is **GRANTED** as set forth herein. Final judgment will be entered by separate order.

So **ORDERED** and **SIGNED** this **7th** day of **July, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

6